Drake, Ch. J.,
delivered the opinion of the court:
The circumstances of the collision in this case are set forth with particularity in Findings III and IY, and need not be recounted in this opinion. They present a state of facts which, under well-settled rules of law, can lead to but one conclusion, and that in favor of the claimants.
Briefly stated, those facts are that, at 11 o’clock at night, in a fog, the schooner Don Pedro was sailing on the open sea, at the rate of between five and six knots an hour, on an east northeast course; and the U. S. revenue cutter U. S. Grant, a screw-propeller, was steaming on a south half west course, at a speed of nine knots an hour; when the officer of the deck of the cutter discovered the schooner one point on the cutter’s starboard bow. It was not until two minutes after he made this discovery that he gave a signal to slow the engines; and though he followed it rapidly with a signal to stop them, and then with one to reverse them, it was too late to prevent the collision.
There is no fair pretense that the schooner was in the least fault. Her lights were set and her watch stationed. She was carrying no more sail than was right with a moderate wind, and she was on the right course for her destination.
The whole fault was on the part of the cutter, and it was twofold: 1. It was quite unjustifiable, in the absence of a pressing emergency, — of the existence of which there was no evidence before us, — for her to have kept up a speed of nine knots an hour, in a foggy night, in a place where she might expect to meet, probably, a considerable number of coasting vessels. The universally understood rule of the road is, that a steamer is bound to keep out of the way of a sailing vessel, and when she runs into one, she is presumably always in fault, and must exculpate herself. The cutter’s speed of nine knots an hour was equal to a distance of 911 feet or 303 yards a minute; which, in a fog at night was in a high degree dangerous. 2. Her deck officer, knowing her speed, and knowing, or bound *690 to know, also, that her engines co.uld not be stopped and reversed in less than two minutes, suffered that length of time to elapse before he made any attempt to arrest her speed. We are satisfied that, if the cutter had kept1 up her speed, she would have cut the schooner in two. That, after delaying two minutes to slow, stop, and reverse the engines, she cut only four feet into the schooner’s deck, is conclusive evidence to our minds that, if instantly on seeing the schooner he had stopped the cutter’s engines, the collision would not have occurred. To avoid it, it would not have been necessary for the engines to have been reversed; simply stopping them would have been enough. In our judgment it was a gross fault on his part to have so long delayed an effort to check the cutter’s speed.
On these grounds the claimants are entitled to judgment; which will be entered in favor of them, respectively, for the amounts stated in the conclusions of law.